UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| TRON COLLIER | CIVIL ACTION NO. 06-2062 |
| VS. | SECTION P |
| JOHN GUNTER, WARDEN | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

### REPORT AND RECOMMENDATION

Before the court is a civil rights (42 U.S.C. §1983) complaint filed *in forma pauperis* on November 2, 2006, by *pro se* plaintiff Tron Collier. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the East Carroll Parish Detention Center (ECPDC), Lake Providence, Louisiana; he complains of conditions of confinement at that facility. He names ECPDC Warden John Gunter as the sole defendant and prays for his transfer to an LDOC facility.

For the following reasons it is recommended that the complaint be **DENIED** and **DISMISSED** because plaintiff failed to exhaust administrative remedies prior to filing suit.

*Statement of the Case*

Plaintiff is an LDOC inmate who is incarcerated at the ECPDC. He claims that the facility is unsanitary because there are "bugs and flies in the kitchen." He complains that inmates must walk in water when it rains. He contends that some of the corrections officers are convicted felons who have served time with some of the inmates. He claims that he is afraid because other inmates are beaten.

Plaintiff claims that ECPDC has no prison grievance procedure and claims that he did not file a grievance because "... they don't give them out and if you do file anything here they will not answer it and it won't get mail[ed] out..." [doc. 1-1, paragraph II]

1

## Law and Analysis

*Exhaustion of Administrative Remedies*

Plaintiff's allegations concerning exhaustion of available administrative remedies are ambiguous and contradictory at best. Plaintiff claims that there is no prisoner grievance procedure in place at the ECPDC. [doc. 1-1, paragraph II] However, he then alleges that he did not file a grievance because "... they don't give them out and if you do file anything here they will not answer it and it won't get mail[ed] out..." [doc. 1-1, paragraph II]

These allegations are conclusory and of doubtful veracity. Administrative remedies procedures have been mandated by Louisiana law and adopted by the Louisiana Department of Public Safety and Corrections, sheriffs maintaining parish jails or correctional centers, and private corporations maintaining correctional centers. See LSA R.S. 15:1171 *et seq.*; 22 LA ADC Pt. I, § 325(LAC 22:I.325); LR 28:857 (April 2002); 28:4 La.Reg. 857.

The undersigned has reviewed prisoner complaints originating from ECPDC and in those instances, other prisoner litigants confined at the ECPDC have acknowledged the presence of a prisoner grievance procedure at that institution. See, for example: *Jamie Short v. Mark Shumate, et al.,* No. 3:00-cv-01928; *John Daniel Crowe v. Mark Shumate, et al.*, No. 3:06-cv-00488; *Darryl Wendell Poyer v. Richard Stalder, et al.*, No. 3:06-cv-00792; and, *Aaron Dillon v. Robert Gunter, et al.*, No. 3:06-cv-01285.

The Civil Rights of Institutionalized Persons Act, 42 U.S.C. §1997e(a), which makes the exhaustion requirement mandatory in prison conditions cases, provides as follows:

> (a) Applicability of Administrative Remedies – <u>No action shall be brought</u> with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility <u>until such administrative remedies as are available are exhausted</u>. (Emphasis supplied)

Under current law, plaintiff must exhaust the administrative remedy procedure before

proceeding herein. The statute provides for no exceptions. The jurisprudence interpreting the statute clearly mandates completion of the administrative remedies process prior to filing suit. See *Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998) (§1997e(a) "plainly requires that administrative remedies be exhausted <u>before</u> the filing of a §1983 suit, rather than while the action is pending ... [t]o hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation."); see also *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998) (dismissal for failing to exhaust administrative remedies is justified "as a deterrent to premature filing by...other potential litigants, thus serving the Congressional purpose of providing relief from frivolous prisoner litigation..." and "[b]y choosing to file and pursue his suit prior to exhausting administrative remedies as required, [the plaintiff] sought relief to which he was not entitled – that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures.")

Plaintiff has raised no valid defense for failing to exhaust administrative remedies. See *Wright v. Hollingsworth*, 260 F.3d 357, 358 n. 2 (5th Cir.2001) (holding that the exhaustion requirement "is not jurisdictional and may be subject to certain defenses such as waiver, estoppel or equitable tolling"). The Supreme Court has noted that "<u>we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise</u> ... Here, we hold only that Congress has provided in § 1997e(a) that <u>an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues</u>." *Booth v. Churner*, 532 U.S. at 741 n. 6; *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir.2002) (noting that the current version of § 1997e(a) provides for no discretion to excuse exhaustion); *Woodford v. Ngo*, — U.S. —, 126 S.Ct. 2378, 2382-2389 (2006)(the exhaustion required by 1997e(a) is "proper exhaustion" meaning that the inmate must complete whatever administrative review

steps are provided in accordance with the applicable procedural rules, without any exception for untimely, unavailable, or procedurally defective attempts at exhaustion.)

In short, plaintiff is not exempt from the PLRA's exhaustion requirement with respect to his present causes of action. The plain language of the statute precludes any further action on plaintiff's claims until he has fully exhausted the administrative remedy procedure. See also *Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998).

Since plaintiff violated the PLRA by the premature filing of his complaint, dismissal under the *in forma pauperis* statute is appropriate, and serves as *res judicata* with respect to plaintiff's *in forma pauperis* status. <u>Accordingly, plaintiff may not re-file the instant claims as a pauper even if he does ultimately exhaust his administrative remedies.</u>

> Dismissals under the *in forma pauperis* statute are in a class of their own, acting not as dismissals on the merits but, rather, as denials of *in forma pauperis* status. Typically, but not exclusively, such dismissals may serve as *res judicata* for subsequent *in forma pauperis* filings, but they effect no prejudice to the subsequent filing of a fee-paid complaint making the same allegations. *Marts v. Hines*, 117 F.3d 1504, 1505 (5th Cir.1997) (en banc), *cert. denied*, 522 U.S. 1058, 118 S.Ct. 716, 139 L.Ed.2d 656 (1998).

While *Marts* dealt with *in forma pauperis* dismissals for frivolous or malicious complaints, the Fifth Circuit, in *Underwood*, extended the holding to cases in which a prisoner fails to exhaust administrative remedies.

> By choosing to file and pursue his suit prior to exhausting administrative remedies as required, Underwood sought relief to which he was not entitled-that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures. We therefore affirm the district court's order dismissing Underwood's action with prejudice for purposes of proceeding *IFP*. *Underwood, supra*, 151 F.3d at 296 (5th Cir.1998).

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for purposes of proceeding in an *in forma pauperis* proceeding pursuant to 28

4

U.S.C. § 1915(d). Therefore, if plaintiff exhausts his administrative remedies with respect to the claims raised herein, he can present these §1983 claims again, but he may not proceed *in forma pauperis* to do so.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 18th day of January, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE